UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILEDIRECTCLUB, INC., et al.,<br><br>　　　　　Petitioners,<br><br>　　v.<br><br>RENEE COLORADO,<br><br>　　　　　Respondent. | Case No. 23-cv-01189-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING PETITION TO COMPEL ARBITRATION**<br><br>Re: Dkt. Nos. 1, 20 |

Respondent Renee Colorado has moved to dismiss a petition to compel arbitration brought by petitioners SmileDirectClub, Inc. and SmileDirectClub, LLC (collectively, "SDC"). Dkt. No. 20. If this matter sounds familiar, it is: I previously granted a motion to compel arbitration in a related putative class action of which Colorado admits he is an unnamed member: *Navarro v. SmileDirectClub, Inc.*, No. 22-CV-00095-WHO, 2022 WL 1786582, at *1 (N.D. Cal. June 1, 2022). After I granted SDC's motion to compel arbitration in *Navarro*, Colorado filed his own arbitration demand, seeking declaratory relief as a putative class member that the *Navarro* claims were not arbitrable and attaching the First Amended Complaint filed in *Navarro*. *See* Dkt. No. 1, Ex. A. But Colorado refused to sign a consent form required by the American Arbitration Association for his arbitration to proceed, and it is currently closed. Nonetheless, SDC filed a petition to compel arbitration in this Court. *See* Dkt. No. 1.

It is unclear why this matter is here. Colorado has not filed any complaint of his own and does not have a pending arbitration either. His arbitration demand, as drafted, attempts to piggyback on the *Navarro* claims. But Colorado is not Navarro. If Colorado wants to challenge

the arbitrability of the claims in *Navarro*, he should do so in that arbitration.[1] If he wants to assert his own claims, he may do so. But at the moment, I have no claims from Colorado to evaluate.

I lack subject matter jurisdiction over SDC's petition to compel arbitration. True, I found that the Class Action Fairness Act provided jurisdiction in *Navarro*. *See Navarro v. SmileDirectClub, Inc.*, 2022 WL 1124594, at *1 (N.D. Cal. Apr. 15, 2022). But again, Colorado is not Navarro, and his now closed demand for arbitration does not appear to assert class claims. *See* Dkt. No. 1, Ex. A. There are no satisfactory allegations regarding an amount in controversy unique to Colorado that would establish diversity jurisdiction; SDC simply relies on the amount demanded in *Navarro* to estimate the amount in controversy here. *See id.*; *see also* Dkt. No. at 4 n.2. And neither the Federal Arbitration Act nor the Declaratory Judgment Act provide federal question jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 852-53 (9th Cir. 2011).

I understand why SDC is perplexed by Colorado's conduct thus far. I am too. But there is nothing for me to decide at this point; in any event, I lack the jurisdiction to decide it. For those reasons, Colorado's motion to dismiss SDC's petition for arbitration is GRANTED and SDC's petition to compel arbitration is DENIED.

**IT IS SO ORDERED.**

Dated: August 10, 2023

William H. Orrick
United States District Judge

---

[1] Indeed, Colorado and Navarro are represented by the same attorney, who is presumably familiar with the arguments that either party could make.